```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

LAWANDA BENTLER,
individually and as
Next friend and
legal guardian of,
DESTINY A. BENTLER,
a minor child,

      Plaintiffs,

v.                                Civil Action No. 2:12-1682

THE ESTATE OF JOHN W. HANER and
PHILLIP H. HANER, individually ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending are the defendants' motion to dismiss filed July 23, 2012, and plaintiffs' motion for leave to extend time to file a response in opposition to the motion to dismiss ("motion for leave to extend"), filed September 28, 2012.

The motion for leave to extend was prompted by an inquiry from the court's law clerk respecting whether the motion to dismiss was opposed. The defendants do not oppose the motion for leave to extend. Inasmuch as the untimely response brief amounts to a non-prejudicial oversight for which corrective action will allow a merits-based adjudication of the matter, the court ORDERS that the motion for leave to extend be, and it hereby is,

granted.  Having additionally received the defendants' October 5, 2012, reply respecting the motion to dismiss, the matter is deemed submitted.

I.

Plaintiff Lawanda Bentler is the mother of fellow plaintiff Destiny A. Bentler.  John W. F. Haner, now deceased, was a North Carolina resident at all times relevant.  Defendant Phillip H. Haner is alleged to be a resident of Pennsylvania with a "last known address" of Ellijay, Georgia.  (Compl. ¶ 3).

The Haners own three houses in Boone County that were built prior to 1978.  Since at least March 2004, two of the houses were leased to Joanne Clarke on a month-to-month basis.  Ms. Clarke, in turn, sublet one of the houses to Lawanda Bentler from approximately March 26, 2004, through at least October 24, 2007.

During the Clarke-Bentler sublease period, Ms. Bentler resided in the house with Destiny.  In "approximately 2007," (Compl. ¶ 7), Destiny was tested and exhibited elevated lead levels.  On October 22, 2007, officials with the West Virginia Department of Health and Human Resources inspected the subleased house.  The inspection revealed peeling and flaking lead-based

paint on both the interior and exterior of the house. Elevated lead levels were also found in the soil surrounding the home.

On May 25, 2011, the Bentlers instituted this action against the Haners. They allege that "[t]he elevated lead levels [are] . . . harmful to . . . [Destiny] and will . . . cause future medical problems which are permanent in nature." (Compl. ¶ 9). In addition to pleading a negligence claim, the Bentlers also allege as follows:

> Lawanda Bentler . . . is . . . entitled to loss of filial consortium based upon the injuries suffered by her child as a result of the Defendants' conduct.

(Compl. ¶ 15). The Bentlers seek damages "that will fairly compensate them for their injuries and damages, both past, present and future . . . ." (<u>Id.</u> at WHEREFORE clause).

The Haners move to dismiss Lawanda Bentler's filial consortium claim. They assert that West Virginia does not recognize that cause of action. They additionally contend that Destiny's elevated lead levels were discovered in approximately 2007, barring Lawanda Bentler's filial consortium claim in any event.

3

II.

A.  Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>overruled on other grounds</u>, <u>Twombly</u>, 550 U.S. at 563); <u>see also</u> <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 570); <u>see also</u> <u>Monroe v. City of Charlottesville</u>, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B.  Analysis

In Losh v. Teton Transp., Inc., No. 3:09-1495, 2010 WL 5343216 (S.D. W. Va. Dec. 21, 2010), the court confronted the same unanswered question presented in this action, namely, "whether West Virginia permits a parent of a minor child who is injured by a third-party tortfeasor to recover damages for loss of filial consortium." Id. at *1.  Following a discussion of the limited guidance offered by the Supreme Court of Appeals of West Virginia on the point, along with the competing views in other jurisdictions, Judge Chambers observed as follows:

> Notwithstanding the foregoing discussion, . . . the instant proceedings are still at a relatively early stage. Therefore, the Court at this time declines to issue a ruling on this matter of first impression in

5

> West Virginia. The Court thus DENIES the defendants' motion WITHOUT PREJUDICE. The defendants remain free to raise this matter again on a motion for summary judgment if they so desire at the appropriate point in the proceedings.

Id. at *3.

Judge Chambers' approach is well considered. By the time this matter advances to the summary judgment stage, it is possible that the Legislature or the supreme court of appeals will have resolved the presently unsettled state of the law on the point. Additionally, a complete evidentiary record may provide this court, and any other tribunal subsequently faced with the question, with yet another set of circumstances to inform the policy considerations that might aid in making the choice between the competing approaches.

This same pause is warranted respecting the Haners' limitations defense, for which a similar split of authority appears to have developed. See, e.g., John H. Derrick, Tolling of Statute of Limitations, on Account of Minority of Injured Child, As Applicable To Parent's or Guardian's Right of Action Arising Out of Same Injury, 49 A.L.R.4th 216 (1986 and elec. supp. 2012); 4 J.D. Lee & Barry Lindahl, Modern Tort Law: Liability and Litigation § 29:34 (2nd ed. elec. 2012).

The court, accordingly, ORDERS that the Haners' motion to dismiss be, and it hereby is, denied without prejudice to the Haners raising anew the issues found therein at the summary judgment stage of the case.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: December 26, 2012

John T. Copenhaver, Jr.
United States District Judge