```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

LAWANDA BENTLER,
individually and as
Next friend and
legal guardian of,
DESTINY A. BENTLER,
a minor child,

    Plaintiffs,

v.                                  Civil Action No. 2:12-1682

THE ESTATE OF JOHN W. HANER and
PHILLIP H. HANER, individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the defendants' motion to dismiss filed July 9, 2013.

### I.

Plaintiff Lawanda Bentler is the mother of fellow plaintiff Destiny A. Bentler, who is now approximately ten years old. John W. F. Haner, now deceased, was a North Carolina resident at all times relevant. Defendant Phillip H. Haner is alleged to be a resident of Pennsylvania with a "last known address" of Ellijay, Georgia. (Am. Compl. ¶ 3).

The Haners own three houses in Boone County that were built prior to 1978.  Since at least March 2004, two of the houses were leased to Joanne Clarke on a month-to-month basis.  Ms. Clarke, in turn, sublet one of the houses to Lawanda Bentler from approximately March 26, 2004, through at least October 24, 2007.

During the Clarke-Bentler sublease period, Ms. Bentler resided in the house with Destiny.  In "approximately 2007," (Am. Compl. ¶ 14), Destiny was tested and exhibited elevated lead levels.  On October 22, 2007, officials with the West Virginia Department of Health and Human Resources inspected the subleased house.  The inspection revealed peeling and flaking lead-based paint on both the interior and exterior of the house.  Elevated lead levels were also found in the soil surrounding the home.

On May 25, 2011, the Bentlers instituted this action against the Haners.  They alleged that "[t]he elevated lead levels [are] . . . harmful to . . . [Destiny] and will . . . cause future medical problems which are permanent in nature."  (Compl. ¶ 9). In addition to pleading a negligence claim, the Bentlers also alleged as follows:

> Lawanda Bentler . . . is . . . entitled to loss of filial consortium based upon the injuries suffered by her child as a result of the Defendants' conduct.

(Compl. ¶ 15).

The Haners earlier moved to dismiss Lawanda Bentler's filial consortium claim. They asserted that West Virginia does not recognize that cause of action. They additionally contended that Destiny's elevated lead levels were discovered in approximately 2007, barring Lawanda Bentler's filial consortium claim in any event. The court by order entered December 26, 2012, concluded that both the viability of the filial consortium claim and the applicability of a limitations bar should await further development of the evidentiary record through discovery. The Haners were granted leave to raise the issues anew at the summary judgment stage of the case.[1]

On June 25, 2013, the Bentlers filed the first amended complaint. In addition to the claims originally pled, the Bentlers now assert a claim under the Residential Lead-Based Paint Hazard Reduction Act of 1992 ("LBPHRA"), 42 U.S.C. §§ 4851-4856. They contend that the Haners failed to provide them with a host of LBPHRA-mandated disclosures that would have sufficiently warned of the lead-based paint hazards existing at the leased premises. Those alleged disclosure violations are as follows:

> a) Failing to provide a written Lead Warning Statement to Lawanda Bentler, or any other member of Lawanda Bentler's household; failing to disclose the presence of any known lead-based paint and/or lead-based paint hazards at the subject property;

---

[1] The Haners attempt to renew these assertions presently despite the earlier ruling. The court declines to now reach the matters for the reasons earlier expressed.

    b) Failing to disclose knowledge, or lack of knowledge, regarding the presence of lead-based paint and/or lead-based paint hazards at the subject property;

    c) Failing to provide a list of records or reports available to . . . [the Haners], which pertain to lead-based paint and/or lead-based paint hazards at the subject property;

    d) Failing to provide a lead information pamphlet approved by the Environmental Protection Agency;

    e) Failing to include with . . . [the Bentlers'] lease and/or sublease documents a statement by the lessee affirming receipt of information related to lead-based paint hazards; and

    t) Failing to sign, provide, or retain a certification affirming the accuracy of information provided by them, their agents, or the . . . [Bentlers] as sublessees.

(First Am. Compl. ¶¶ 25a-f).  These disclosure and certification obligations arise from 42 U.S.C. § 4852(d) and 40 C.F.R. §§ 745.107 and 745.113.  The statute and regulations explicitly require the disclosures prior to the lease becoming effective.

      In seeking dismissal of the first amended complaint, the Haners contend that (1) Destiny Bentler does not have standing to pursue an LBPHRA claim, (2) the Bentlers have not alleged a knowing violation of the LBPHRA, (3) the LBPHRA claim is time barred, and (4) Ms. Bentler fails to allege any damages suffered as a result of the LBPHRA disclosure violations.

II.

A. Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must also "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B.  Analysis

The LBPHRA was passed as Title X of the Housing and Community Development Act of 1992. See Pub. L. No. 102–550, codified at 42 U.S.C. §§ 4851–4856. While it is often the case that state law is borrowed for federal claims lacking an applicable limitations period, there is a federal catch-all limitations statute applicable in some instances. That limitations period, found in 28 U.S.C. § 1658(a), provides as follows:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658(a).

6

The Supreme Court has "conclude[ed] that a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 -- and therefore is governed by § 1658's 4-year statute of limitations -- if the plaintiff's claim against the defendant was made possible by a post-1990 enactment." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004); see Baldwin v. City of Greensboro, 714 F.3d 828 (2013). Inasmuch as the Bentlers' LBPHRA claim was made possible by the 1992 enactment of the LBPHRA, the four-year federal limitations period applies to those claims.

It seems equally clear that the West Virginia statutory tolling period would not apply to the LBPHRA claim. See, e.g., 19 Charles A. Wright et al., Fed. Prac. & Proc. § 4519 (2d ed. elec. 2013) ("[S]tate tolling provisions and saving statutes are inapplicable when a statute of limitations is borrowed from another federal statute. This result seems quite proper because the rationale for borrowing a state tolling rule for federal purposes is defeated when the application of the concomitant state statute of limitations has been rejected in favor of a federal source."); 3 Cyc. of Federal Proc. § 10:19 (3d ed. elec. 2013) ("Where Congress has provided a federal statute of limitations for a federal claim, state tolling and savings provisions are not applicable."); see Burnett v. New York Cent. R. Co., 380 U.S. 424,

432 (1965). The Bentlers have not identified any applicable federal tolling provision.

Determining the accrual date appears relatively straightforward. The Bentlers do not challenge the process by which the Haners arrived at the accrual date of March 26, 2004, according to the following analysis: "The . . . [First Amended Complaint] alleges that . . . [the Bentlers] became lessees on March 26, 2004. Accordingly, any claim for a violation of the Act would have accrued on March 26, 2004 and would have needed to have been filed on or before March 26, 2008." (Memo. in Supp. at 7 (citation omitted)). The analysis is consistent with the statutory and regulatory obligations to provide the disclosures prior to the lease becoming effective.

Assuming the recently added LBPRHA claim related back to the date of the original complaint, May 25, 2011, the LBPHRA claim would nevertheless have been time barred on March 27, 2008. Inamsuch as the LBPHRA claim was brought at a time when the limitations period had expired, the Haners are entitled to dismissal of the claim. It is, accordingly, ORDERED that the motion to dismiss be, and hereby is, granted as to the LBPHRA claim and otherwise denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: October 23, 2013

John T. Copenhaver, Jr.
United States District Judge